WILLIAM H. PERRINE, PLAINTIFF IN ERROR, v. COOLEY'S
EXECUTORS, DEFENDANTS IN ERROR.

A naked power to sell a chattel, conferred on a person not the general
agent of the vendor, does not comprise an authority to warrant the
quality of the thing sold under it.

On error to the Supreme Court. For state of the case and
opinion of the Supreme Court, see 12 *Vroom* 322.

For the plaintiff in error, *P. H. Gilhooly* cited:

*Brady* v. *Todd*, 9 *C. B.* 591; *Helyear* v. *Hawke*, 5 *Esp.
N. P.* 72; *Alexander* v. *Gibson*, 2 *Camp.* 555; *Jeffreys* v.
*Bigelow*, 13 *Wend.* 518; *Dunning* v. *Roberts*, 35 *Barb.* 467;
*Rawle* v. *Deshler*, 3 *Keyes* 575; *Lipscomb* v. *Kittrell*, 11
*Humph.* 260; *Benjamin* v. *Benjamin*, 15 *Conn.* 356; *Allen*
v. *Millison*, 72 *Ill.* 201; *Kingsley* v. *Titts*, 51 *Vt.* 417;
*Duning* v. *Chase*, 48 *Vt.* 389; *Fay* v. *Richmond*, 43 *Vt.* 25;
*Hunter* v. *Jameson*, 6 *Wend.* 252; *Bryant* v. *Moore*, 26 *Me.*
84; *Sanford* v. *Handy*, 23 *Wend.* 264; *Taggart* v. *Stanberry*,
2 *McLean* 552; *Crump* v. *M. S. Mining Co.*, 7 *Gratt.* 352.

For the defendant in error, *George F. Parrot.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The plaintiff in error pur-
chased a horse of the defendants' testator, and this action
arose in consequence of a claim laid by the former, that such
sale was accompanied by a warranty. It appeared in the
case, that the sale in question was made not by the testator
in person, but by his servant, in his behalf. It was decided
in the court below, that this servant, on the admitted facts
of the case, had no power in law to enter, in the name of
his employer, into this warranty, and the question now is,
whether that conclusion was correct. There was no conflict
as to the essential facts, and in the state of the case it is

agreed that the agent who acted in this matter was not the general agent, in this line of business, of the deceased, and that he had no special authority to make representations with respect to the thing to be sold, nor to warrant it, and that his entire delegated power was embraced in a direction to make sale of the horse for his master. In the Supreme Court, the doctrine was maintained, and was applied to these facts, that a naked authority to sell a chattel, conferred, under ordinary circumstances, on a person who was not the general agent of such vendor, in the business to which such sale appertained, but was an agent merely *pro hac vice*, did not comprehend an authority to warrant the quality of the thing so sold. This conclusion harmonizes with the rule of law on this subject, as settled in the English courts, in the case of *Brady* v. *Todd*, 9 *C. B.* (*N. S.*) 592, and it will be perceived, upon turning to that case, that the point involved was investigated with care, and was decided on general principles, with the concurrence of all the judges. Mr. Benjamin, in his treatise on Sales, Section 625, says that " this is the most authoritative exposition of the present state of the law on this point." I entirely agree in the judicial views thus expressed, but I do not feel that it is necessary to explain further the grounds of this conclusion, nor to discuss the pertinent cases, as this has been done with so much clearness and force in the opinion read in the Supreme Court, in this case.

I think the judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, MAGIE, PARKER, REED, SCUDDER, CLEMENT, COLE, DODD, GREEN —10.

*For reversal*—None.